**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00189-CR**
_____

**TONY SCOTT HARRELSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. 22DC-CR-00091**

---

**MEMORANDUM OPINION**

A grand jury indicted Appellant Tony Scott Harrelson for possession of a controlled substance, namely methamphetamine, a state jail felony. *See* Tex. Health & Safety Code Ann. § 481.115(b). Pursuant to a plea bargain, Harrelson pleaded "guilty" to the offense. The trial court signed an Order of Deferred Adjudication as to guilt, placed Harrelson on community supervision for three years, ordered Harrelson to pay $180 in restitution, and assessed a $1,000 fine.

1

The State filed a motion to revoke Harrelson's community supervision, alleging twelve violations of the terms of his community supervision. At a hearing on the motion, no plea was entered, however Harrelson's appointed attorney told the trial court that the hearing was contested, and the trial court entered a plea of "Not True" on Harrelson's behalf. After hearing testimony, the trial court found the evidence sufficient to find all twelve allegations true, revoked Harrelson's community supervision, found Harrelson guilty of the offense of possession of a controlled substance, and sentenced Harrelson to two years of confinement, but assessed no fine nor restitution. Harrelson timely filed his appeal.

On appeal, Appellant's court-ordered attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Harrelson to file a pro se brief, and we received no response from Harrelson.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005)

2

("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

 AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on November 13, 2024
Opinion Delivered November 20, 2024
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

---

[1] Harrelson may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.